UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:17-cv-234-FDW

| | |
|---|---|
| ADAM WADE HALL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| CURTIS CROMARTIE, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, (Doc. No. 1). Plaintiff is proceeding *in forma pauperis*. See (Doc. No. 6).

## I. BACKGROUND

*Pro se* Plaintiff has filed a civil rights suit pursuant to 42 U.S.C. § 1983 with regards to an incident that allegedly occurred at the Marion Correctional Institution where he is still incarcerated. He names as Defendants fellow inmates Curtis Cromartie, Martel Weston, and Jasper Whyte.[1] Construing the Complaint liberally and accepting the allegations as true, Cromartie, Weston, and Whyte attacked Plaintiff in his cell. Cromartie and Weston beat Plaintiff and Whyte stabbed him in the chest, which resulted in a five-day hospitalization and could have been fatal.[2] Plaintiff still has problems with chest pain. He seeks $3,300 because he was almost killed.

## II. STANDARD OF REVIEW

Because Plaintiff is a prisoner proceeding *in forma pauperis*, the Court must review the

---

[1] According to the Department of Public Safety's online records, Cromartie is currently located at Central Prison, Weston is at Tabor C.I., and Whyte is at Alexander C.I.

[2] Plaintiff has filed documentation showing that Cromartie, Weston, and Whyte pled guilty and were sentenced in a criminal case related to this incident. See (Doc. No. 9).

1

Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). A complaint should not be dismissed for failure to state a claim "unless 'after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief.'" Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999)).

A *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009) ("Liberal construction of the pleadings is particularly appropriate where … there is a *pro se* complaint raising civil rights issues."). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). A *pro se* complaint must still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007); see Ashcroft v. Iqbal, 556 U.S. 662 (2009) (the Twombly plausibility standard applies to all federal civil complaints including those filed under § 1983). This "plausibility standard requires a plaintiff to demonstrate more than a sheer possibility that a defendant has acted unlawfully." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted). He must

2

articulate facts that, when accepted as true, demonstrate he has stated a claim entitling him to relief. Id.

### III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999). The color of law requirement "excludes from its reach merely private conduct, no matter how discriminatory or wrongful." Id. at 50 (internal quotations omitted). In rare cases, the state can "so dominate[] [private] activity as to convert it to state action." Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 181 (4th Cir. 2009). To satisfy the state action requirement, a plaintiff must demonstrate that the conduct at issue is "fairly attributable to the State." Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982). Conduct is fairly attributable to the state where: (1) it is "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible;" and (2) where the party charged with the deprivation is a person who may "fairly be said to be a state actor." Am. Mfrs. Mut. Ins. Co., 526 U.S. at 50. There must be a "sufficiently close relationship with state actors such that a court would conclude that the non-state actor is engaged in the state's actions." DeBauche v. Trani, 191 F.3d 499, 506 (1999). "Without state action, [plaintiff] has no § 1983 claim." Thomas v. Salvation Army Southern Territory, 841 F.3d 632, 637 (4th Cir. 2016).

It appears that Plaintiff has attempted to state a claim for the use of excessive force against three fellow inmates. However, he fails to allege that these private parties' actions were fairly attributable to the state. Plaintiff has failed to allege the existence of any state action, and therefore, he has not alleged a § 1983 claim and the Complaint will be dismissed. See Thomas, 841 F.3d at

3

637 (affirming dismissal pursuant to § 1915(e)(2)(B)(ii) where plaintiff did not allege any facts that even remotely suggested that defendants' actions were attributable to the state).

IV.     CONCLUSION

For the reasons stated herein, the Complaint is deficient and subject to dismissal. Plaintiff shall have **fourteen (14) days** in which to file an Amended Complaint in which he may attempt to cure these deficiencies and state a facially sufficient claim for relief. Although Petitioner is appearing *pro se*, he is required to comply with all applicable timeliness and procedural requirements, including the Local Rules of the United States District Court for the Western District of North Carolina and the Federal Rules of Civil Procedure. The Amended Complaint must be on a § 1983 form, which the Court will provide, and it must refer to the instant case number so that it is docketed in the correct case. It must contain a "short and plain statement of the claim" showing that Plaintiff is entitled to relief against each of the defendants. Fed. R. Civ. P. 8(a)(2). The Amended Complaint must contain all claims Plaintiff intends to bring in this action, identify all defendants he intends to sue, and clearly set forth the factual allegations against each of them. Plaintiff may not amend his Complaint by merely adding defendants and claims in a piecemeal fashion. The Amended Complaint will supersede the original Complaint so that any claims or parties omitted from the Amended Complaint will be waived. See Young v. City of Mt. Ranier, 238 F.3d 567 (4th Cir. 2001).

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint, (Doc. No. 1), is **DISMISSED** as facially insufficient pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

2. Plaintiff shall have **fourteen (14) days** in which to file an Amended Complaint in accordance with this order and all applicable rules and procedures. If Plaintiff fails to

file an Amend Complaint in accordance with this Order, this action will be dismissed and closed without prejudice and without further notice to Plaintiff.

3. The Clerk is directed to mail a copy of a new Section 1983 complaint form to Plaintiff.

Signed: August 14, 2018

Frank D. Whitney
Chief United States District Judge