# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:17-cv-234-FDW

| ADAM WADE HALL, | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) **ORDER** |
| CURTIS CROMARTIE, et al., | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on initial review of Plaintiff's Amended Complaint, (Doc. No. 11). Plaintiff is proceeding *in forma pauperis*. See (Doc. No. 6).

## I. BACKGROUND

*Pro se* Plaintiff has filed a civil rights suit pursuant to 42 U.S.C. § 1983 with regards to an incident that allegedly occurred at the Marion Correctional Institution where he is still incarcerated. The original Complaint was dismissed for failure to state a claim because the sole Defendants are fellow inmates and Plaintiff failed to state a claim against any state actor. He was provided the opportunity to file an Amended Compliant to cure this deficiency.

In the Amended Complaint, Plaintiff again names as Defendants fellow inmates Curtis Cromartie, Martel Weston, and Jasper Whyte.[1] Construing the Complaint liberally and accepting the allegations as true, Cromartie, Weston, and Whyte attacked Plaintiff in his cell. Cromartie and Weston beat Plaintiff and Whyte stabbed him in the chest. Plaintiff still has problems with chest pain. He seeks $3,300 because he was almost killed.

---

[1] According to the Department of Public Safety's online records, Cromartie is currently located at Central Prison, Weston is at Tabor C.I., and Whyte is at Alexander C.I.

1

**II. STANDARD OF REVIEW**

Because Plaintiff is a prisoner proceeding *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). A complaint should not be dismissed for failure to state a claim "unless 'after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief.'" Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999)).

A *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009) ("Liberal construction of the pleadings is particularly appropriate where … there is a *pro se* complaint raising civil rights issues."). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). A *pro se* complaint must still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007); see Ashcroft v. Iqbal, 556 U.S. 662 (2009) (the Twombly plausibility standard applies to all federal civil complaints including those filed under § 1983). This "plausibility standard requires a plaintiff

to demonstrate more than a sheer possibility that a defendant has acted unlawfully." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted). He must articulate facts that, when accepted as true, demonstrate he has stated a claim entitling him to relief. Id.

### III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999). The color of law requirement "excludes from its reach merely private conduct, no matter how discriminatory or wrongful." Id. at 50 (internal quotations omitted). In rare cases, the state can "so dominate[] [private] activity as to convert it to state action." Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 181 (4th Cir. 2009). To satisfy the state action requirement, a plaintiff must demonstrate that the conduct at issue is "fairly attributable to the State." Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982). Conduct is fairly attributable to the state where: (1) it is "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible;" and (2) where the party charged with the deprivation is a person who may "fairly be said to be a state actor." Am. Mfrs. Mut. Ins. Co., 526 U.S. at 50. There must be a "sufficiently close relationship with state actors such that a court would conclude that the non-state actor is engaged in the state's actions." DeBauche v. Trani, 191 F.3d 499, 506 (1999). "Without state action, [plaintiff] has no § 1983 claim." Thomas v. Salvation Army Southern Territory, 841 F.3d 632, 637 (4th Cir. 2016).

Plaintiff again names as Defendants three fellow inmates. He fails to allege that these private parties' actions were fairly attributable to the state. Plaintiff has failed to allege the

3

existence of any state action, and therefore, he has not alleged a § 1983 claim and the Complaint will be dismissed. See Thomas, 841 F.3d at 637 (affirming dismissal pursuant to § 1915(e)(2)(B)(ii) where plaintiff did not allege any facts that even remotely suggested that defendants' actions were attributable to the state).

### IV. CONCLUSION

For the reasons stated herein, the Amended Complaint is deficient and will be dismissed for failure to state a claim upon which relief can be granted.

**IT IS, THEREFORE, ORDERED** that:

1. The Amended Complaint, (Doc. No. 11), is **DISMISSED** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

2. The Clerk is instructed to close this case.

Signed: August 24, 2018

Frank D. Whitney
Chief United States District Judge